JS-6    O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1966 AHM (VBKx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | JORGE CARLOS, et al. v. BANK OF AMERICA HOME LOANS, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Kendra Bradshaw | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

On November 19, 2010, plaintiffs Jorge Carlos and Yesenia Carlos ("Plaintiffs") filed an action in state court alleging various causes of action in connection with their efforts to modify their home loan. The complaint named Bank of America Home Loans and Recontrust Company, N.A. ("Defendants") as defendants. On December 17, 2010, Defendants removed this action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996); William Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:609.5 (2009) ("Even if no objection is made to removal or both sides stipulate to federal jurisdiction, the district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits."). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William Shwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL §§ 2:697, 2:704.5 (2009). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003).

Defendants claim federal question jurisdiction exists because "[t]he State Court

JS-6    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1966 AHM (VBKx) | Date | January 13, 2011 |
|---|---|---|---|
| Title | JORGE CARLOS, et al. v. BANK OF AMERICA HOME LOANS, et al. | | |

Action is founded on claims arising under federal law, including the Home Affordable Modification Program ("HAMP") . . . ." In fact, other than HAMP, the complaint references no federal guidelines, regulations, or statutes. Plaintiffs do allege a cause of action for violation of HAMP guidelines, and it appears that at least some of Plaintiffs' other causes of action (e.g. for breach of covenant of good faith and fair dealing) incorporate the alleged HAMP violations.

"[I]t is well established that there is no private cause of action under HAMP." *Singh v. Wells Fargo Bank*, 2011 WL 66167, *7 (E.D. Cal. January 7, 2011) (collecting cases). Moreover, there is no federal question presented merely because Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations. This Court has held that HAMP "does not mandate federal jurisdiction." *Delgadillo v. Countrywide Home Loans, Inc.*, 2009 WL 5064943, *2 (C.D. Cal. December 23, 2009). In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). "It is not enough that the court may have to interpret federal laws or regulations. 'Arising under' jurisdiction exists only 'where the vindication of a right under state law necessarily turn(s) on some construction of federal law.'" William Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL § 2:108 (2009) (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Here, to the extent Plaintiffs' claims raise federal issues, they do not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").

Accordingly, the Court ORDERS, on its own motion, that this action be remanded to San Bernardino County Superior Court for lack of jurisdiction.

:

Initials of Preparer        KB